IOWA LOAN & TRUST COMPANY, Appellant, v. A. W. PLEWE et al., Appellees.

MECHANICS' LIENS: Priority Over Equitable Mortgage. The making
1  and acceptance of a written application for a loan, together with a written agreement to secure the loan on land in which the proposed borrower then had no interest whatever (though he later acquired the title), no money being then advanced on the strength of the acceptance, create no equitable mortgage which will be superior to mechanics' liens accruing prior to the actual execution and recording of the contemplated mortgage.

MORTGAGES: Priority Over Second Mortgage. A mortgagee who takes
2  a first mortgage with knowledge (apparently) that a former owner of the premises has sold the premises to the mortgagor and accepted a second mortgage for the purchase price in order to enable the mortgagor-purchaser to execute the first mortgage and secure funds to improve the property is not a trustee charged with the duty to know that every advancement of funds made by him under the first mortgage is actually applied on the improvements.

Headnote 1:   27 Cyc. pp. 985, 1172.   Headnote 2:   27 Cyc. p. 1170.

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

MARCH 17, 1925.

OPINION ON REHEARING OCTOBER 20, 1925.

SECOND OPINION ON REHEARING JUNE 21, 1926.

Suit for the foreclosure of a real estate mortgage. Numerous lien holders were made parties defendant. The trial court first fixed the order in which the mechanics' liens filed against the property should be paid. The court then established the plaintiff's mortgage as a lien on said premises, and provided that the portion of the proceeds thereof shown by the evidence to have

been used in the construction of a building on the mortgaged premises should be paid. The decree then established the lien of the Sunset Park Land Company under its mortgage, and established the plaintiff's lien on the balance of the proceeds of the mortgaged premises. The facts are more fully set out in the opinion. The plaintiff alone prosecutes this appeal.—*Modified and affirmed.*

*R. & F. G. Ryan,* for appellant.

*Hume & Bump,* for Sunset Park Land Company.

*Gillespie & Canfield,* for Queal Lumber Company.

*C. I. Spencer,* for R. H. Webster and W. Inez Thayer.

*Stewart & Hextell,* for O'Dea Hardware Company.

*C. C. Putnam* and *Judson E. Piper,* for Bailey Plumbing Company.

*Stipp, Perry, Bannister & Starzinger,* for Carr-Baal Company.

*F. T. Van Liew,* for A. L. Chapman.

PER CURIAM.—The Sunset Park Land Company was the owner of Lot 12 in Sunset Park in the city of Des Moines. Appellee Plewe contemplated the purchase of said lot and the erection of a dwelling house thereon. Negotiations were entered into between Plewe and the Sunset Park Land Company for the purchase of said premises. The purchase price was agreed upon at $1,450 and the assumption by Plewe of certain special assessments that had been levied against the property. The said sum of $1,450 was to be secured by a mortgage upon said premises. It was agreed between Plewe and the Sunset Park Land Company that said mortgage should be subject to a first mortgage which Plewe might place on said premises for the purpose of borrowing the necessary money to erect a house, as contemplated between the parties. The amount to be so secured by first mortgage was not stated in the contract between Plewe and the Sunset Park Land Company. In pursuance of this arrangement between Plewe and the land company, Plewe applied to appellant for a real estate

1. MECHANICS' LIENS: priority over equitable mortgage.

loan of $4,800, the application providing that Plewe was to secure said loan by a first mortgage upon said Lot 12. This application was approved by appellant. On November 9, 1922, the Sunset Park Land Company executed and delivered a deed to said lot to Plewe. On November 28, 1922, Plewe signed and acknowledged the mortgage to appellant, which was recorded the day following. The mortgage of $1,450 to the land company was executed by Plewe on January 15, 1923. The lien holders Queal Lumber Company and O'Dea Hardware Company commenced the delivery of material for the construction of the building on the premises on November 28, 1922.

I. It is appellant's first contention that its claim for money advanced to Plewe upon its note and mortgage is superior to the claims of all of the parties to the action, including the mechanics' lien holders. The theory of appellant is that the written application of Plewe to it for a loan, and the agreement between the parties that such loan should be made and secured by the mortgage on the real estate, created, as of such date, an equitable lien upon the premises, and that the subsequent execution of the mortgage to secure the debt was not a waiver of said equitable lien.

At the time that the application for the loan was made by Plewe to appellant, he had not yet acquired any interest in the real estate in question. No money was advanced to him at that time. The record clearly establishes that the lien holders Queal Lumber Company and the O'Dea Hardware Company furnished labor and material for the construction of the building on the premises before appellant's mortgage was executed and recorded. Appellant clearly, as against these third parties (the lien holders), had no equitable mortgage or lien upon the premises prior to the execution of the mortgage given to it by Plewe.

The doctrine of equitable mortgage, as between the parties to a transaction, has no application here, as against the rights of the lien holders which came into existence prior to the execution of appellant's mortgage. The trial court was right in holding that the liens of the mechanics' lien holders were senior and superior to the lien of appellant's mortgage.

II. The mortgage to appellant was given to secure the sum of $4,800. The note secured by said mortgage was dated November 24, 1922, and provided for the payment of the principal

2. MORTGAGES:
priority over
second mort-
gage.

sum in installments on the first days of March and September in each year. This amount of $4,800 was not paid over by appellant to Plewe at said time. It is the contention of appellant that it advanced sums to Plewe from time to time, part on Plewe's order or check, and other items represented by notes given by Plewe to appellant. The trial court so found.

It appears that appellant advanced the sum of $1,617.03 under this mortgage, which was used in connection with the construction of the building upon the property in question. Part of this sum appears to have been paid out, on the direct order of Plewe, to materialmen, or for labor, and part is evidenced by cashier's checks.

The only disputed question at this point is with regard to other sums, aggregating $1,700 and interest, claimed by appellant to have been advanced to Plewe under said mortgage, but not used in the construction of the building on the mortgaged premises. These items were represented by notes given by Plewe to appellant after the application for the loan of $4,800 had been accepted by appellant.

The trial court found that the amount represented by said notes was "a balance due upon the mortgage executed by defendants A. William Plewe and Margaretta Plewe not shown to have gone into the property, but advanced to defendants;" and the court decreed that said amounts should be paid after the claim of appellee land company.

The decree of the trial court establishing said amount as having been advanced under the mortgage in controversy, is not appealed from. The only question at this point that we can consider on this appeal is the contention of appellant that all of the sums paid by appellant under said mortgage are superior to the claim of appellee Sunset Park Land Company, whether the same were used in the construction of the building upon the mortgaged premises or were not so used. Appellant was not bound to control the disposition of the funds advanced by it to Plewe under said mortgage, and was not obliged to trace all of the proceeds of said loan to the construction of the building upon said premises. The land company was quite as much interested as appellant in having Plewe properly apply the proceeds of the loan in enhancing the value of the mortgaged premises by the construction

of the building, as contemplated. But appellant was not charge-able as a trustee, to see that the funds were so applied by Plewe.

The trial court established appellant's lien under the mort-gage as being prior to that of the land company as to the sums advanced by it that in fact went into the construction of the house. It decreed that, as to the other sums "advanced under the mortgage," the appellant's lien upon the premises should be junior to the lien of the land company. The land company now contends that the sums advanced to Plewe which were not used in the construction of the house were not advanced "under the mort-gage," but were separate and independent loans, made by appel-lant to Plewe out of appellant's "commercial department," and were not covered by the mortgage. The trial court, however, found that said sums were a "balance due upon the mortgage" in question, "not shown to have gone into the property, but ad-vanced to defendants," and fixed the same as a lien on the prem-ises. This finding and decree is not reviewable by us, under the record, except upon appellant's contention of error in decreeing any portion of its lien under the mortgage to be junior to appel-lant's full claim. The court having decreed that appellant was entitled to a lien, under its mortgage, for the full amount of its claim, appellant was entitled to have all of such lien decreed to be superior to the lien of the land company. The court erred in separating the funds "advanced under the mortgage" and used in the construction of the building, from the funds "advanced under the mortgage," but not traced into the building. Appel-lant was entitled to a senior and superior lien for all the funds "advanced by it under the mortgage," and the court should have so decreed. We deem it proper to say that the finding of the trial court that the funds advanced by appellant to Plewe not shown to have been used in the construction of the building were "advanced under the mortgage," is borne out by the record. We hold at this point that the trial court erred in not establishing appellant's lien under its mortgage upon the property in contro-versy for the full amount actually advanced by appellant, which included not only the checks and orders that represented money expended for labor and material that were shown to have been used in the construction of the house upon the premises, but also the amount of the notes which the court decreed were advanced by appellant to Plewe under the mortgage after the application

for the loan had been approved, and which were charged against the proceeds of said loan by appellant. The decree of the trial court will be modified in this particular, and appellant's lien established in the full amount of the funds advanced by it, superior to the lien of the land company.

III. It appears that a certain portion of the loan that was made by appellant was paid to the Bailey Plumbing Company, under the order of Plewe. The Bailey Plumbing Company is a trade name under which one E. Bailey conducts his business. It appears that, in addition to the work done upon the premises in controversy, Plewe was also indebted to Bailey in connection with other transactions. The contention of appellant is that Bailey agreed that a portion of the payment, amounting to some $800, that was made to him out of the proceeds of the loan, should be applied upon Bailey's mechanic's lien on the premises in controversy, and reduce the same to that extent. It was not so applied. We are constrained to sustain the lower court in its conclusion that the evidence is insufficient to show that there was any valid agreement binding Bailey to apply any portion of the funds which he received from appellant on its loan to Plewe, upon any certain item which Plewe was owing to Bailey or the Bailey Plumbing Company.

We reach the conclusion that the trial court was correct in establishing the liens of the mechanics' lien holders in the order in which they were established by the decree. We hold that appellant's mortgage, to the full amount that had in fact been advanced to Plewe, or paid under his direction, should have been established as a lien on said premises, subject to the mechanics' liens, and senior and superior to the claim of the Sunset Park Land Company under its mortgage. It follows that the court erred in establishing appellant's mortgage as a lien superior to the mortgage of the Sunset Park Land Company only to the extent of the amount shown to have been advanced in the improvement upon the premises in question. It should have been established as such lien superior to the mortgage of the Sunset Park Land Company to the full amount advanced under the loan made by appellant to Plewe and secured by the mortgage in suit.

The decree of the trial court will be modified to the extent and in the manner herein indicated, and otherwise it will be

affirmed. The costs in this court will be taxed two thirds to appellant and one third to the Sunset Park and Land Company.

It is so ordered.—*Modified and affirmed.*