**MASTEN LUMBER & SUPPLY COMPANY, a Delaware corporation, Plaintiff,**

v.

**SUBURBAN BUILDERS, INC., a Delaware corporation; Bank of Delaware, a Delaware corporation, Herschel N. Poore, Sheriff of Kent County, Defendants.**

Superior Court of Delaware, Kent.

Sept. 1, 1970.

Nicholas H. Rodriguez, of Schmittinger & Rodriguez, Dover, for plaintiff.

William S. Hudson, Dover, for defendant, Suburban Builders, Inc.

John O. Snyder, Dover, for defendant, Bank of Delaware.

No appearance for defendant, Herschel N. Poore, Sheriff of Kent County.

OPINION

WRIGHT, Justice.

This case comes before the Court on a Rule to Show Cause why a sheriff's sale should not be set aside.

Residential Builders, Inc. (hereafter Residential) executed to Louis Caras (hereafter Caras) a purchase money mortgage on August 29, 1968 covering the land in question containing clause subordinating the lien of any construction mortgage that Residential would subsequently record for construction of improvements upon the land.

Thereafter Residential transferred the land in question to Suburban Builders, Inc. (hereafter Suburban).

On July 9, 1969 Suburban executed a construction mortgage to Bank of Delaware (hereafter Bank), one of the defendants herein covering the land in question.

Subsequently the plaintiff entered a judgment lien against Suburban which became a lien against all real estate owned by Suburban in this county where the subject land is located.

On July 17, 1970 the subject land was sold by the Sheriff pursuant to foreclosure proceedings instituted by the Bank.

At the foreclosure sale it was announced that the land was being sold subject to the Caras mortgage, it being the position of Bank that its mortgage was not superior to the Caras mortgage because it was not executed by Residential as provided in the automatic subordination provision in the Caras mortgage.

The plaintiff asserts that the above procedure was improper contending that the subordination provision in the Caras mortgage should be broadly construed to include Suburban, assignee of Residential.

If the plaintiff's contention is sustained the lien of the Bank held priority over the Caras mortgage and the land should have been sold free and clear of the Caras mortgage thus putting the plaintiff in a better position to protect its judgment lien which was, of course, subordinate to both the Bank mortgage and the Caras mortgage regardless of their position of priority as to each other.

The subordination clause in the mortgage from Residential to Caras provides as follows:

"THIS MORTGAGE is a purchase money mortgage given to secure the payment of the purchase price of the lands described, provided, however, that the party of the second part hereby covenants and agrees that the lien of this mortgage shall be subordinate to the lien of any construction mortgage which the party of the first part shall execute and record for the purpose of securing a construction loan for the construction of improvements on the above described lands and premises, and the recording of any such construction mortgage shall cause such construction mortgage to become a prior lien to this purchase money mortgage, without the necessity of and further consent or action by the party of the second part."

By statute the purchase money mortgage occupies a special position where priority of liens is concerned. 25 Del.C. § 2108.

■ There is, however, no prohibition against subordinating such a mortgage to an anticipated subsequent construction mortgage by a provision of the purchase money mortgage. c.f. Iowa Loan & Trust Co. v. Plewe, 202 Iowa 79, 209 N.W. 399.

No case in point has been called to my attention by any of the parties to this litigation or found by independent research.

In Watson Land & Improvement Co. v. Salyers, 247 Pa. 454, 93 A. 495 the court refused to give a mechanics lien priority over a purchase money mortgage where the mechanics lien resulted from the apparent misapplication of the funds paid by virtue of a construction mortgage which has been made superior to the purchase money mortgage under circumstances similar to the present case. The argument made there, somewhat like the one the plaintiff makes here, was that the matter should be broadly viewed and that all liens flowing from the construction mortgage,

which had been made superior to the purchase money mortgage by its terms, should be superior to the purchase money mortgage because the subordination provision in the purchase money mortgage indicated a general scheme of which the mechanics lien was a part.

In rejecting the contention of the mechanics lien holder the court indicated that the subordination provision was clear and was to be interpreted precisely. See also cases to the same effect collected in 72 A.L.R. 1527.

■ We are in an area where precision is not only desirable but necessary. The subordination provision here was an unambiguous agreement between Caras and Residential and must be strictly construed. If liberal construction of similar provisions were permitted, a judicial decision would almost always be required to establish priority of liens as the factual situations vary and lending institutions in the future would be in an intolerable position.

I hold, therefore, that the sale in question was proper and should be confirmed.

Order accordingly.